F. D. CRUIKSHANK v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.

January 12, 1899.

Nos. 11,481—(260).

**Judgment notwithstanding Verdict—Laws 1895, c. 320—Practice—New Trial.**

In extending, by Laws 1895, c. 320, the common-law remedy of judgment notwithstanding the verdict to cases where, upon the evidence, a party is entitled to judgment, it must be assumed that the legislature intended such cases to be governed by the same rule as obtained at common law where the motion was made on the record alone, and that the motion should only be granted when it clearly appears from the evidence that the cause of action or defense sought to be established could not, in point of substance, constitute a legal cause of action or a legal defense; and that it should be denied where it appears probable that the party has a good cause of action, or a good defense, and that the defects in the evidence are of such a character that they probably could be supplied upon another trial. Where the motion after verdict is exclusively for judgment notwithstanding the verdict, and not in the alternative for that remedy or for a new trial, if the party is not entitled to judgment as requested, he is not entitled, at least as a matter of right, to a new trial.

Action in the district court for Wilkin county to recover $1,500 upon an insurance policy. The cause was tried before C. L. Brown, J., and a jury, which rendered a verdict for $766.25 in favor of plaintiff. From an order denying a motion to enter judgment for defendant notwithstanding the verdict for plaintiff, defendant appealed. Affirmed.

*Palmer & Beek* and *Ezra G. Valentine,* for appellant.

It is settled that where a policy requires notice of loss to be given to the insurer within a specified time, such notice is a condition precedent to the right of action on the policy. Ermentrout v. Girard Fire & Marine Ins. Co., 63 Minn. 305; Bowlin v. Hekla Fire Ins. Co., 36 Minn. 433; Shapiro v. Western Home Ins. Co., 51 Minn. 239; Shapiro v. St. Paul Fire & M. Ins. Co., 61 Minn. 135.

*Lyman B. Everdell* and *Mathews & Wood*, for respondent.

In the absence of statutory authority the appellate court will not order judgment non obstante veredicto. Stewart v. Everts, 76 Wis. 35. The rendition of such a judgment by the trial court rests in its sound discretion. 11 Enc. Pl. & Pr. 920. It is never granted, except when it is clear that the party asking it is justly entitled to it; and, when asked for by the defendant, that the plaintiff has no legal cause of action. Id. 919; Williams v. Anderson, 9 Minn. 39 (50); Lough v. Thornton, 17 Minn. 230 (253).

MITCHELL, J.

This was an action to recover upon a "hail insurance policy," one provision of which was that,

"In case of loss by hail to the crops insured, the assured shall mail a written notice to the company at its office in the city of St. Paul, Minn., within forty-eight hours after the time of such loss, stating the day and hour of the storm, also the probable damage to each part of the crops insured."

So far as material for the purposes of this appeal, the defense was that the insured had not given notice of loss in accordance with this provision of the policy.

The policy contained a warranty that the insured was the owner of all the land upon which the crops covered by the policy were growing, but a breach of this warranty, if any, was a matter of defense, and no such defense was pleaded.

When the evidence closed the defendant moved the court to direct a verdict in its favor, but the court denied the motion and submitted the case to the jury, which found a verdict in favor of the plaintiff. Thereupon the defendant made a motion, not in the alternative for judgment notwithstanding the verdict, or, in case that should be denied, for a new trial, but merely for judgment notwithstanding the verdict. The court denied the motion, and from the judgment entered upon the verdict the defendant appealed.

Originally at common law, judgment notwithstanding the verdict could only be granted in favor of the plaintiff, the remedy in favor of the defendant being to have the judgment arrested; but either by statute or by judicial relaxation of this rule, judgment not-

withstanding the verdict became quite generally allowable in favor of either party. But in either case the motion was based on the record alone, and the granting or denying it depended upon the pleadings. The rendition of judgment notwithstanding the verdict was discretionary with the court. It would only be granted when it was clear that the cause of action, or the defense, put upon the record did not, in point of substance, constitute a legal cause of action or defense. It was never granted on account of any technical defect in the pleadings, but in such case the court would order a repleader.

By enacting Laws 1895, c. 320, the legislature was not creating a new remedy, but merely extended, as has been done in many other states, the common-law remedy to cases where, upon the evidence, either party was clearly entitled to judgment. In thus extending the remedy it must be presumed that the legislature intended it to be governed by the same rules which applied when it was granted upon the record alone; that is, that it should not be granted unless it clearly appeared from the whole evidence that the cause of action, or defense, sought to be established could not, in point of substance, constitute a legal cause of action or a legal defense.

This court has acted on this construction of the statute and refused to order judgment even where there was a total absence of evidence on some material point, but where it appeared probable that the party had a good cause of action or defense, and that the defect in the evidence could be supplied on another trial. This is just such a case.

From the record it appears probable that the plaintiff has a good cause of action and that the defects, if any, in the evidence, are largely technical and could be supplied on another trial. The alleged defects in the evidence suggested are of the following character: that the letter from plaintiff's father to Kenaston was not formally introduced in evidence, that there was no evidence that the letter from Kenaston to the defendant was ever mailed, and that there was no evidence that the person who came to adjust the loss was McClure, or that McClure was at that time defendant's adjuster.

The statute permits a party to make his motion in the alternative.

Defendant has elected not to do so, but to stand exclusively on its right to judgment in its favor notwithstanding the verdict against it. Not being entitled to this relief, it is not entitled, at least as a matter of right, to a new trial on the ground of the insufficiency of the evidence. Indeed, counsel for the defendant conceded this upon the argument.

Judgment affirmed.