ANTON LINDEM v. NORTHERN PACIFIC RAILWAY COMPANY and Another.[1]

February 7, 1902.

Nos. 12,810—(185).

**Railway Crossing—Engine Blowing off Steam—Special and General Verdict.**

In an action to recover damages for personal injuries alleged to have been caused by the negligence of defendant, the substantive charge of negligence, as disclosed by the allegations of the complaint, consisted in the conduct of defendant's servants in permitting an engine in their charge and under their control, standing in close proximity to a public street over which plaintiff was driving with his horse and

[1] Reported in 89 N. W. 64.

buggy, to make a noise by blowing off steam, which frightened plain. tiff's horse, causing him to run away, in consequence of which plaintiff was injured. The jury returned special verdicts to the effect that the engineer and fireman in charge of such engine were not guilty of negligence with respect to the noises made by it, but found a general verdict for plaintiff, based upon a further special finding that the conductor of the train was guilty of negligence in signaling plaintiff to make the crossing when the engine was so standing in close proximity thereto. *Held* that, as the conductor was not in control of the engine, the finding of the jury that he was guilty of negligence which was the proximate cause of plaintiff's injury is not sustained by the evidence, within the allegations of the complaint, and, as the jury expressly exonerated the engineer and fireman from that charge, the general verdict for plaintiff is unsupported, and should have been set aside.

### Judgment notwithstanding Verdict Denied.

The facts in this case do not bring it within the rule of Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, in respect to the right of a party to judgment nothwithstanding the verdict of the jury, and a new trial only can be granted.

Action in the district court for Polk county to recover $10,700 for injuries sustained by reason of plaintiff's horse taking fright at a locomotive of defendant railway company. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $5,000. From an order denying separate motions for judgment in their favor notwithstanding the verdict or for a new trial, defendants jointly appealed. Reversed, and new trial granted.

*C. W. Bunn, James B. Kerr* and *L. T. Chamberlain,* for appellants.

*Halvor Steenerson* and *Charles Loring,* for respondent.

BROWN, J.

This action was brought to recover damages for personal injuries alleged to have been caused by plaintiff's horse taking fright at one of defendant's locomotives at a street crossing in the city of East Grand Forks. Plaintiff had a verdict in the court below, and defendants appealed from an order denying their alternative motion for judgment notwithstanding the verdict or for a new trial.

The facts are as follows: Defendant railway company operates a line of railroad to and through the city of East Grand Forks, extending east and west across Dovery avenue,—a street eighty feet wide, running north and south through the city, upon and across which are seven tracks of the railway company; the same being within its yard.    The evidence tends to show that at the time of the accident a number of box cars were standing very near the traveled portion of the street, upon two of such tracks, and upon the third a freight train of fifteen or twenty cars, to which was attached an engine.    As plaintiff approached from the south, riding in a single buggy with his wife and child, to make this crossing, the street was wholly blocked by the train; but, after he had waited some ten or fifteen minutes, employees of the company moved the train back so that the traveled portion of the street was left open.    The engine attached to the train was brought to a standstill upon or very near the street, but plaintiff did not know that fact, as his view thereof was obstructed by the box cars standing on the other two tracks.    After the train had been moved off the traveled portion of the street, the conductor motioned plaintiff to make the crossing, whereupon he started; and as he passed the box cars on the second track, between the point of starting and the engine, his horse, on coming in sight of the engine, which was then making some noise, either by the working of its "blower" attachment or air pump, became frightened and unmanageable, ran away, and plaintiff was thrown out and severely injured.    This action was brought against the company and the conductor, both being charged by the complaint with negligence causing plaintiff's injuries.

The court below submitted three specific questions to the jury to be answered in addition to their general verdict, as follows:

"1. Was defendant Dampier guilty of any negligence which was wholly or partly the proximate cause of plaintiff's injury?

2. Was the engineer, John Downey, guilty of any negligence which was wholly or partly the proximate cause of plaintiff's injury?

3. Was the fireman, James Mulally, guilty of any negligence which was wholly or partly the cause of plaintiff's injury?"

Dampier, referred to in the first question, was the conductor of the train. The jury answered the first question in the affirmative (that the conductor was guilty of negligence), but answered the second and third in the negative (that the engineer and fireman were not).

We are of the opinion that the verdict of the jury on these issues necessitates, in the light of the issues made by the pleadings, a reversal, and without a consideration of the merits of the case as disclosed by the evidence. The negligence charged against defendant in the complaint is as follows:

"That in pursuance to said signaling this plaintiff drove upon the said crossing; that said engine was then in a dangerous proximity to the driveway where the plaintiff was to drive in making said crossing, all of which was well known to said conductor, but was unknown to the plaintiff, by reason of said engine being concealed from view by the said row of box cars; that as soon as the plaintiff's horse came by the side of the said engine, which was very near to the driveway, the defendant's servants, engineers, and employees carelessly and negligently permitted and allowed exhaust steam to escape into the smokestack of the said engine, and otherwise allowed the same to make a loud noise, which naturally tended to frighten the horse, which was of ordinary gentleness; that the defendant's action in signaling the plaintiff to drive across the said crossing while the said engine was in such close proximity to the driveway, and then carelessly, wantonly, and negligently allowing the said engine to exhaust its steam through the smokestack, and otherwise emit loud noises, caused the plaintiff's horse to be frightened, and caused him to run away and capsize the buggy in which the plaintiff was seated; that thereby the plaintiff was thrown with great force," etc.

It will be observed that plaintiff predicates his right of recovery, not upon the fact that the horse was frightened at the engine because it was in the street or in close proximity to the driveway, but upon the alleged fact that the conductor signaled him to cross, and that, while he was so crossing, the employees, engineers and servants, carelessly and negligently permitted steam to escape from the engine, and the making of other loud noises, by reason of which noise the horse became frightened and ran away.

It is well settled by the authorities that a railway company is not responsible or chargeable with negligence for accidents caused

by horses becoming frightened at such noises as are usual or necessary in the ordinary operation and management of its road, though it may be liable where such animals are frightened by unusual or unnecessary noises. But it is unnecessary to enter into any discussion of the law on this subject. This appeal must be disposed of upon the pleadings and the special verdicts of the jury, and what the rules of law are upon the suggested questions is not important. The law is so thoroughly settled that no question in respect thereto is likely to arise on another trial, and we pass the subject without discussion. There is no claim that the noise which frightened plaintiff's horse was an unusual or unnecessary one.

The evidence tends to show that it was the usual and ordinary occurrence for the blower or air pump of the engine to be at work under similar conditions; and that there was no negligence on the part of the servants of defendant in control of the engine in permitting it, the special verdict affirms. The jury having thus exonerated the engineer and fireman, who were the persons in charge and control of the engine, there is nothing upon which plaintiff can base a recovery, within the allegations of his complaint. Had the allegations been broader, and had defendant been charged with negligence by reason of the close proximity of the engine to the driveway, in consequence of which plaintiff's horse was frightened, the evidence shown in the record would have been sufficient to take the case to the jury. But the complaint is not broad enough to permit a recovery on any such theory, and the trial court expressly refused to submit that question to the jury.

This refusal on the part of the trial court clearly negatives the claim made by plaintiff's counsel in this court that the theory of the trial was such as to authorize a recovery upon that ground. The ruling on this subject was clearly right. The requests to instruct the jury upon that theory were not within the allegations of the complaint, and there was no application for an amendment. The gist of the negligence charged in the complaint is that defendant was negligent in permitting the engine to make the noise which frightened his horse, and plaintiff must stand or fall, as the

case now stands, upon the complaint so construed. The mere fact that the conductor signaled plaintiff to cross when the engine was in close proximity to the driveway, and the further fact that the engine was then making the noise which frightened the horse, are not sufficient to warrant a recovery, because there was no negligence on the part of the servants in charge of the engine in permitting the noise to be made; and the proximity of the engine to the driveway cannot be treated as an element of negligence, within the allegations of the complaint. For these reasons, there must be a new 'trial as to both defendants.

We have fully considered the contention of counsel for appellants that defendants are entitled to final judgment in their favor, and conclude that the case does not come within the rule of Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958.

The order denying the motion for judgment notwithstanding the verdict is affirmed, but the order denying a new trial is reversed.