SIMON SEGAL v. M. FRED.[1]

July 17, 1908.

Nos. 15,721—(195).

**Arbitration—Opportunity to be Heard.**

> A fair opportunity to present a claim to arbitrators, which a party is
> entitled to, and to be present to meet the claim of his adversary, does not
> include the right to be present when the arbitrators are making up their
> award. The evidence herein is not sufficient to sustain the verdict to the
> effect that the defendant did not have a fair opportunity to be heard be-
> fore the arbitrators and to be present to meet the claim of his adversary.

Action in the municipal court of Minneapolis to recover possession
of certain personal property, or $150, the value of the same, and $25
damages for detention thereof. The case was tried before Waite, J.,
and a jury which rendered a verdict in favor of defendant and as-
sessed the value of the property in the sum of $250. From an order
denying his motion for judgment notwithstanding the verdict or for
a new trial, plaintiff appealed. Reversed and new trial granted.

*F. E. Reed* and *G. W. Brown,* for appellant.

*Wm. R. Morris,* for respondent.

START, C. J.

Appeal from the order of the municipal court of the city of Min-
neapolis denying the plaintiff's motion for judgment or a new trial in
an action for claim and delivery of two horses, a set of harness, and
a wagon.

Each party claimed on the trial to be the owner of the property.
The plaintiff claimed the property by virtue of an award in a common-
law arbitration. The defendant's claim to the property was based on
his prior ownership and the invalidity of the award. The only ques-
tion relating to the ownership of the property submitted to the jury
was the validity of the award. The jury were instructed that, if they
found from the evidence that the defendant did not have a fair op-
portunity to present his claims to the arbitrators and to meet the claims

[1] Reported in 117 N. W. 225.

made against him, he was entitled to a verdict; but, if such fact had not been shown by a fair preponderance of the evidence, the plaintiff was entitled to a verdict. The jury returned a verdict for the defendant, that he was the owner of the property and that it was of the value of $250. The question here to be determined is whether there was any substantial evidence to support the verdict.

It appears from the record that the parties hereto executed a submission for arbitration, whereby certain controversies between them concerning their business under the firm name of Fred & Segal were submitted to the decision of four persons named therein and a fifth person to be selected by them. As a part of the submission, the defendant executed a bill of sale of the property here in controversy, subject to a mortgage thereon for $50, to the arbitrators, who, as a part of their award, transferred the property to the plaintiff as his own if the defendant failed to pay him $100 within six days thereafter.

The record does not disclose any evidence tending to show that the plaintiff or either of the arbitrators was guilty of any fraud or deception with reference to the submission, the hearing, or the award. The record does not show that either party was represented by counsel, and the testimony of the defendant indicates that he was ignorant of the proper procedure in arbitration cases, and that he did not understand that the matter had been finally heard until after the award was made. His testimony in this connection is to the effect following: He was present on a Sunday afternoon and evening at the house of one of the arbitrators, all of whom and the parties were there, and a hearing had. He put in his claim of $650 for wages, and was permitted to offer testimony, and did so; but he did not put in all of it, because he did not know that they were going to finish that evening. He stayed at the hearing until about ten o'clock in the evening. The arbitrators were then in session making up their award, and he left when they told him to go. He did not know that they were going to finish that night. He did not inquire whether they were going to deliberate on his claim at that time, nor was he told; but he thought it was to be on Monday at the house of one of the other arbitrators, and he went there on the next day to learn when the trial would be resumed, or, as he expressed it, "will be set," and was then informed

that it was finished the day before. There was evidence on the part of the plaintiff tending to show that the defendant had a fair opportunity to present all of his claims and to be present to meet claims presented against him, and, further, that the last meeting of the arbitrators was on the evening of Saturday.

Neither party was entitled to be present when the arbitrators were deliberating on their award, after the parties had submitted their respective claims. A fair opportunity to present a claim to arbitrators, which a party is entitled to, and to be present to meet the claim of his adversary, does not include the right to be present when the arbitrators are making up their award. It is to be noted that there is no evidence in the record, or suggestion, as to what further testimony the defendant had to give or evidence to offer in support of his claim; nor is there any evidence that the plaintiff offered any evidence or made any communication to the arbitrators concerning his claim when the defendant was not present. Admitting, as we must, for the purposes of this appeal, the truth of the defendant's testimony, we are of the opinion that the verdict is not supported by the evidence, and that the plaintiff is entitled to a new trial, but not to a judgment notwithstanding the verdict. Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958.

Order reversed and a new trial granted.