# LOUIS BACKMAN v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

November 10, 1911.

Nos. 17,348—(31).

**Judgment non obstante.**
Evidence considered in this, a personal injury action, and held that the defendant was not entitled to judgment notwithstanding the verdict.

Action in the district court for St. Louis county to recover $1,990 for personal injuries. The answer admitted a slight injury to plaintiff on or about August 17, 1909, while alighting from defendant's car at Fond du Lac, but alleged that it was caused solely through plaintiff's negligence. The reply was a general denial. The case was tried before Dibell, J., and a jury which returned a verdict in favor of plaintiff for $200. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.
*Andrew Nelson,* for respondent.

PER CURIAM.
The plaintiff was a passenger on the defendant's motor car from West Du-

1 Reported in 132 N. W. 1129.

luth to Fond du Lac, and was injured in attempting to get off the car at his destination by going out of the baggage-room door while the car was moving slowly. He brought this action to recover damages for his injuries on the ground that they were caused by defendant's negligence. The specific negligence alleged was, that the car did not stop a reasonable time to enable him to alight in safety; that the defendant negligently left the door from the smoking room, where the plaintiff was sitting, to the baggage room, and the outside door of that room leading to the platform, open; and that the defendant failed to warn him against alighting from the car through the baggage-room door.

The trial court submitted to the jury only the alleged negligence of the defendant in failing to stop the car for a reasonable time, and instructed them that if the car stopped a sufficient time to enable the plaintiff to alight in safety he could not recover. The jury returned a verdict for the plaintiff for $200, and further specifically found, in answer to questions submitted to them, that the car did stop long enough to give the plaintiff a reasonable opportunity to get off the car; that he was not negligent in jumping out of the baggage-room door while the car was in motion, and that he did not know that the baggage-room door was not the door through which passengers ordinarily went into and out of the car.

It is obvious, from the charge of the court and the special finding that the car was stopped for a reasonable time, that the defendant would have been entitled to a new trial if it had made a motion to that effect; but it did not do so. Its motion was only for judgment in its favor notwithstanding the verdict. This was denied and judgment entered upon the verdict, from which the defendant appealed.

The sole question presented by the record is whether the defendant was entitled to judgment absolute in its favor, within the rule applicable to such cases. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958. Upon a consideration of the whole record we are of the opinion that the trial court did not err in denying the defendant's motion for judgment notwithstanding the verdict.

Judgment affirmed.