# CLARA HORTENSE LARSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 29, 1911.

Nos. 17,298—(132).

**Judgment notwithstanding the verdict.**
    In an action which involved the sufficiency of the evidence to sustain plaintiff's theory that defendant's employee had been held out to the public as clothed with apparent authority to receive baggage at a railway station and keep it for convenience of the owner, *held*, the evidence was not so conclusively to the contrary as to preclude the probability that the deficiency might not be supplied on another trial, and hence the trial court did not err in denying defendant's motion for judgment notwithstanding the verdict.

Action in the district court for Carlton county to recover $145.85, value of a suitcase and contents. The complaint alleged in substance the facts given in the second paragraph of the opinion. The answer alleged that, if plaintiff delivered a suitcase to Edward Krook, it was a personal transaction between them, for which Krook alone was responsible. The case was tried before Dibell, J., and a jury which returned a verdict in favor of plaintiff for $75. The court denied defendant's motion for judgment notwithstanding the verdict. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Baldwin & Baldwin* and *Ernest C. Carman,* for appellant.
*Walter L. Case,* for respondent.

LEWIS, J.
Defendant company and the Northern Pacific Railway Company jointly maintained a depot at the village of Cloquet. It consisted

[1] Reported in 133 N. W. 867.

<hr>

[Note]  Right to judgment *non obstante veredicto* because of failure of proof, see note in 12 L.R.A. (N.S.) 1021.
    116 M.—22.

of a ticket office, waiting rooms, baggage room. and freight and express office. All of the employees were employed by the Northern Pacific Company, but their duties were "joint," and they were paid pro rata by the two companies. A Mr. Krook was employed as cashier, and it was his duty to collect and remit the money due on all freight and express. There was also a general joint agent and a baggageman. Krook's business hours were from seven o'clock a. m. until six o'clock p. m.

Plaintiff was a passenger on defendant road from Duluth to Cloquet, and carried with her a suit case which had not been checked. Upon arrival at Cloquet at 10:30 p. m. on a Saturday evening, she entered the freight office, and, seeing Mr. Krook behind the counter, asked him if he would keep the suit case for her until the drayman called for it. Krook answered that he would, and took the case inside, where he stood behind a counter, and placed it under the counter. She called for it the following Monday, but it had disappeared, and this action was brought to recover its value and the value of the contents. The court instructed the jury that, up to the time plaintiff went to the freight office, defendant was not charged with any duty to receive or care for the suit case; but "if it held itself out as ready to receive baggage for keeping for accommodation, and Mr. Krook was held out as one having authority to receive baggage for it, and the plaintiff in good faith and without negligence relied upon the apparent authority of Mr. Krook to accept it as a representative of the company and in its behalf, left her baggage with him and with the company, and it was lost through the gross negligence of the company, the plaintiff may recover." A verdict was returned for plaintiff, and defendant appealed from an order denying its motion for judgment notwithstanding the verdict.

This statement of the law was not questioned, and plaintiff's case against the defendant depended upon whether plaintiff knew of Krook's limited authority, or had reason to believe he was not in charge of the office at the time, and whether she knew or had reason for believing that the company was not engaged in the business of storing baggage under such circumstances, and that she simply intrusted the suit case to Krook's personal keeping. The plaintiff

claimed that she knew nothing about Krook's authority, and the evidence was sufficient to sustain plaintiff's theory that on that occasion at least, although temporarily there for personal reasons, he assumed to act for the company in receiving the baggage. The evidence was not sufficient to prove that the company had followed the practice of keeping baggage for the convenience of passengers, and the evidence fell short of showing that it acquiesced in such action by its employees. But the subject was not so fully and conclusively covered by the evidence as to preclude the probability that the deficiency might not be supplied on another trial, within the rule in Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958.

Affirmed.