## THOMAS FYLE v. MINNESOTA BEE SUPPLY COMPANY.[1]

February 2, 1912.

Nos. 17,424—(206).

**Failure to guard dangerous machinery — evidence.**
    In an action for personal injuries, it is *held* that the evidence supports the verdict, and that the trial court properly denied defendant's motion for judgment notwithstanding the same.

Action in the district court for Wright county to recover $3,122 for personal injuries. The case was tried before Hale, J., who, at the close of plaintiff's testimony, denied defendant's motion to dismiss the case, and, at the close of all the evidence, denied defendant's motion to direct a verdict in its favor, and a jury which returned a verdict in favor of plaintiff for $605. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Morton Barrows,* for appellant.
*Wooley & Johnson,* for respondent.

[1] Reported in 134 N. W. 501.

BROWN, J.

Action for personal injuries, in which plaintiff had a verdict, and defendant appealed from the judgment rendered thereon after the denial of its motion for judgment notwithstanding the verdict. There was no motion for a new trial.

The facts are very short. Defendant was engaged in the manufacture of various supplies required by the bee industries of the state, and in cutting and preparing its material used an ordinary circular saw set in a frame about the height of an ordinary table. The saw is twenty-two inches in diameter; one-half thereof being above the surface of the frame to which it was attached, and the other half in the open space below the same. The saw below the table was not guarded and protected as required by statute. Plaintiff was in defendant's employ as a general laborer about the factory, and had been so employed for about five months prior to the accident here complained of. He had comparatively little experience in working about saws or other machinery. He had worked about this saw for a short time on two previous occasions. In January, 1911, he was required to remove an accumulation of sawdust from under the frame to which the saw was attached, and immediately beneath and about the saw. This was accomplished by the use of an ordinary short-handled shovel. While so engaged, one of his hands came in contact with the saw, resulting in a serious injury.

This action was brought to recover damages for the injury so received, and was predicated upon the grounds: (1) The alleged negligent failure of defendant to guard the saw underneath the frame, although it was practical to do so; (2) the failure of defendant to warn and instruct plaintiff of the dangers incident to the particular work; and (3) that he was negligently furnished a defective shovel with which to remove the sawdust.

The defenses interposed were: (1) A denial of negligence on the part of defendant; and (2) allegations to the effect that plaintiff's injuries were the result of contributory negligence on his part, or occasioned from risks naturally incident to his employment, which he assumed.

The several questions thus presented were submitted to the jury under clear and fair instructions, and were answered adversely to defendant by the jury. Our examination of the record leads to the conclusion that the evidence sufficiently supports the verdict. If it be conceded that the issue whether it was practical to guard the saw was improperly submitted to the jury, that fact furnishes no basis for judgment notwithstanding the verdict, since the other charges of negligence were sufficient to support the verdict. And, further, if proof of practicability was necessary, the absence thereof amounts only to a defect in the evidence, which might be supplied on another trial, and, within the rule of Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958, is not ground for final judgment.

Judgment affirmed.

PHILIP E. BROWN, being absent on account of illness, took no part.