## W. H. FERRELL & COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 8, 1912.

Nos. 17,702—(38).

**Contract to supply cars to shipper.**

   A contract by a common carrier to supply to a particular interstate shipper a specified number of cars on certain dates, to be used in such shipment, is not a violation of the act of Congress regulating interstate commerce, unless it appear that the contract, if performed, will in fact extend to that shipper an undue or unreasonable preference over other shippers.

**Judgment notwithstanding verdict — evidence.**

   Evidence *held* sufficient to support the verdict; and, though perhaps indefinite in some respects, defendant is not, under the rule of Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, entitled to judgment notwithstanding the verdict.

Action in the district court for Mille Lacs county upon twenty-three causes of action to recover $46,525 for breach of contract to furnish refrigerator cars for the shipment of potatoes at the several stations mentioned in the complaint. The answer specifically denied that defendant ever agreed to furnish plaintiffs cars for shipment of potatoes in the numbers, or at the times, stated in the complaint, and alleged no sufficient or lawful demand was ever made by plaintiff for the shipment of potatoes as required by the laws of the state. It also alleged that defendant furnished cars as quickly as it was physically possible for it to do under the circumstances, whenever cars were required by plaintiff. The reply denied the new matter alleged in the answer. At the beginning of the trial plaintiff was allowed to dismiss eight causes of action. The case was tried before Nye, J., and a jury which returned a verdict for $5,500 in favor of plaintiff. Defendant's motion for judgment notwithstanding the ver-

1 Reported in 138 N. W. 284.

dict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*James E. Markham* and *M. L. Countryman,* for appellant.

*Stiles & Devaney* and *E. L. McMillan,* for respondent.

BROWN, J.

Action to recover damages for the breach of an alleged contract to furnish refrigerator cars for the shipment of certain property, in which plaintiff had a verdict, and defendant appealed from the judgment rendered thereon after a denial of its motion for judgment notwithstanding the verdict. The case was before us on a former appeal, where it was held that the complaint stated a cause of action for breach of contract. 114 Minn. 531, 131 N. W. 1135. We follow that decision.

It is unnecessary to set out the allegations of the complaint at length, or the proceedings preliminary to the commencement of the trial. While the complaint contains several causes of action, predicated upon distinct grounds, the trial court required plaintiff to elect upon which ground it would rely for recovery, and plaintiff elected to rely upon the breach of an express contract to furnish the cars. The trial so proceeded, and was confined to a definite number of the several causes of action stated in the complaint; all others being dismissed or abandoned. The facts, so far as necessary to an understanding of the questions presented, are as follows:

Plaintiff is a Minnesota corporation, an extensive dealer in and shipper of Minnesota potatoes, and owns warehouses for storage purposes at several stations along defendant's road between St. Paul and Duluth. In January, 1910, plaintiff had in storage in its said warehouses a large quantity of potatoes for shipment to the Southern and Southwestern markets, requiring for their transportation in the neighborhood of two-hundred refrigerator cars. Plaintiff filed with local agents of defendant orders for a specified number of cars, designating the number and the station at which they were required. One of these orders was so presented on January 13, and called for one hundred cars, on the dates and at the stations therein named. Some

of the cars so ordered were furnished by defendant, namely, sixty-one. On January 28 plaintiff presented another order for additional cars, under which no cars were furnished. There seems to have been some delay in the matter, and, being anxious to get their potatoes to the Southern market, plaintiff's general manager personally visited the traffic manager of the road on January 31, and it is claimed by plaintiff that a contract was then entered into, by which defendant undertook and agreed to furnish at the times and stations designated by plaintiff the necessary number of cars required for the shipment of the potatoes plaintiff then had on hand. The cars were not furnished, and the potatoes could not be shipped out, and plaintiff claims that, in consequence of defendant's failure, plaintiff suffered a loss by reason of a drop in the market price of potatoes, for which it seeks to recover in this action. Defendant denied making the contract, and whether it was made presented one of the principal issues on the trial below. Plaintiff's right to recover was thus placed entirely upon the alleged contract, and not in any view upon a claim of the violation of defendant's common-law or statutory duty to furnish the cars.

1. It is contended by defendant that the evidence wholly fails to sustain the claim of an express contract, and that the court below erred in denying its motion for a directed verdict, and also in denying its motion for judgment notwithstanding the verdict. Our examination of the record results in the conclusion that the evidence sufficiently supports the verdict, within the rule guiding us in such cases.

It is not disputed that plaintiff's manager, Ferrell, called upon defendant's general traffic manager, Broughton, on or about January 31, in reference to providing cars under the orders previously made by plaintiff, and no dispute but that the traffic manager referred plaintiff's representative to Mr. Beidelman, an agent of defendant having in charge its refrigerator car service. Nor is it disputed that those persons then had some negotiations and discussion in reference to the subject. Plaintiff claims, and Farrell so testified, that the former orders for cars were then before the parties, and that Beidelman expressly agreed to provide the cars so ordered. Beidelman de-

nied the express agreement, and testified that he agreed to furnish the cars just as soon as they could be had; that there was a car shortage at the time, and that the company was providing and sending to the use of plaintiff as rapidly as possible all available cars. The testimony offered by plaintiff was sufficient, if believed by the jury, to establish the alleged contract. If it may be said that the question is doubtful on the evidence taken as a whole, the doubt, so far as this court is concerned, was solved by the action of the trial court in upholding the verdict of the jury. The evidence is not so clearly against the conclusion of the jury to justify this court in ordering final judgment against plaintiff. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958.

It was not, of course, the understanding, on January 31, that the cars were to be furnished on the dates specified in the prior orders, for the dates therein named had passed. But it was a fair question whether it was not understood between the parties that the number of cars to be thereafter furnished was to correspond with the number called for by those orders, namely, a certain number per day at the stations named. The company was then informed of the number of carloads of potatoes plaintiff had in readiness for shipment, and the jury was fully justified in concluding that the parties agreed and understood that cars should be furnished in harmony with the previous order except as to dates. The evidence was also sufficient to justify the jury in finding a breach of the contract, and a failure to supply the cars contracted for.

We find no substantial variance between the allegations of the complaint and the evidence, respecting the number of cars required or ordered by plaintiff at the different stations, and the amount awarded by the verdict was clearly within the evidence. Since, therefore, plaintiff's evidence established the alleged contract, the breach thereof, and resulting damage, plaintiff was entitled to recover, and the verdict must be sustained, unless the further contention of defendant, namely, that the contract was void and unenforceable, because an unlawful discrimination in plaintiff's favor, be sustained.

2. The cars required by plaintiff were for interstate trade; the potatoes being shipped to points beyond the state. It is contended by

119 M.—20.

defendant in this connection that the alleged contract, conceding it to have been entered into as claimed by plaintiff, was upon its face a violation of the Federal statutes regulating interstate commerce, and therefore void, and for that reason judgment should have been ordered for defendant. The part of the act of Congress bearing upon this question is found in section 3 of the Interstate Commerce Act, approved February 4, 1887 (24 St. 380), where it is provided "that it shall be unlawful for any common carrier subject to the provisions of this act to make or give any undue or unreasonable preference or advantage to any particular person, company, firm, corporation, or locality, or any particular description of traffic, in any respect whatsoever or to subject any particular person, company, firm, corporation, or locality or any particular description of traffic, to any undue or unreasonable prejudice, or disadvantage in any respect whatsoever." Substantially the same provisions are found in the statutes of the state. Section 2009, R. L. 1905.

There can be no serious question that the intention of the act of Congress, as well as the state statute, was to afford all shippers a fair opportunity and equal privilege in the use of cars for the shipment of their commodities, and to that end all undue and unreasonable discrimination is thereby expressly prohibited. But it does not follow, necessarily and as a matter of law, that a contract by a carrier to furnish a particular shipper a definite number of cars on specified days in the future is a violation of either the letter or spirit of the law, in the absence of a showing of a discrimination or an undue or unreasonable advantage in fact. Notwithstanding the performance of such a contract may necessitate setting apart to the particular shipper a large number of cars, yet ample facilities for all other shippers may be at hand, and the requirements of all readily supplied. In such situation there could be neither discrimination nor undue advantage. The purpose of the law was not to embarrass or abolish the right of contract in respect to such matters, but to prevent an unreasonable advantage being conferred upon a particular person. If all may be supplied with cars, notwithstanding an existing contract calls for a large number to a particular shipper, no advantage accrues to that shipper, or disadvantage to others.

The authorities cited by counsel for defendant do not, as we read them, go to the extent of holding that a contract of the tenor and effect of that here involved is void upon its face. On the contrary, the whole basis of those decisions is discrimination and undue advantage in fact. The case of Chicago & A. Ry. Co. v. Kirby, 225 U. S. 155, 32 Sup. Ct. 648, 56 L. ed. 1033, mostly relied upon, is not in point. That case involved a discrimination in rates. The railroad company there contracted to expedite and hasten a particular shipment at regular rates, and the court held that, though such a contract would be lawful, if a rate therefor had been published as required by law, yet the contract so favoring a particular shipper at the regular tariff rate was a violation of the statute, a breach of which would not subject the company to liability. The invalidity of the contract—that is, the special advantage given the shipper—appeared upon the face of the contract. It provided for special efforts on the part of the company to transport a car of horses to a particular point in time to connect with an outgoing train on another road, at the regular rate of transportation—a benefit not conferred upon shippers in general. The case is not here in point. A special reference to the other citations is not necessary. They do not meet the question here involved.

We hold, therefore, that the contract in the case at bar is not void upon its face, and the remaining question is whether it was void in fact. This must be determined by the further question whether any undue or unreasonable advantage was thereby conferred upon plaintiff. The court below, at the request of defendant, submitted the question to the jury; counsel having first sought an instruction that the contract was void as a matter of law. In so submitting the question we discover no error. The evidence upon the question whether defendant by this contract placed itself in such position that the same privilege could not, by reason of shortage of cars or other cause, be conferred upon others similarly situated, was conflicting, presenting an issue of fact. If the company had a sufficient number of cars of this character to supply requirements of all shippers, then it is clear that no undue or unreasonable, or, in fact, any advantage at all, over other shippers, was conferred upon plaintiff. The verdict determined the issue adversely to defendant, the trial court approved the verdict,

and we discover from the record no reason for interference. Though the evidence may perhaps be defective in some respects, the case is not one in which defendant is entitled to final judgment, and, as no new trial was asked for, the judgment must be affirmed. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958.

Judgment affirmed.