## FAIRMONT GAS ENGINE & RAILWAY MOTOR CAR COMPANY v. A. R. CROUCH.[1]

### May 26, 1916.

### Nos. 19,759—(145).

**Judgment notwithstanding verdict.**

1. A motion for judgment notwithstanding the verdict should be granted only where it clearly appears that the cause of action sought to be established does not, in point of substance, constitute a right of recovery.

**Breach of warranty.**

2. This action is brought on a promissory note given for the price of a gasolene engine sold with warranty. There is evidence that there was a breach of warranty.

**Same — damages — absence of proof of amount.**

3. No proof of the amount of defendant's damages was received. There was, however, proof of substantial damage and it is apparent that the omissions may be supplied on a new trial.

**Same — error to reject evidence of value.**

4. Proof was offered of the value of the engine if it had been as warranted. Evidence of defendant as to its value at the time and place

Reported in 157 N. W. 1090.

---

Note.—As to right to judgment *non obstante veredicto* because of failure of proof, see note in 12 L.R.A.(N.S.) 1021.

of sale was offered and rejected. It should have been received. Such proof was addressed to the proper measure of damage, viz., the difference between the actual value of the property and its sound value as warranted.

**Evidence of owner as to value.**

5. An owner of property may usually testify to the value of his own property. This may not be an invariable rule, but when ownership is supplemented by proof of familiarity with facts and circumstances as in this case, the evidence should be received.

Action in the district court for Martin county to recover $300 upon a promissory note. The case was tried before Nelson, J., and a jury which returned a verdict for $78. From an order denying its motion for judgment notwithstanding the verdict and granting its motion for a new trial, plaintiff appealed. Affirmed.

*John W. Lovell* and *Haycroft & Palmer,* for appellant.

*E. C. Dean,* for respondent.

HALLAM, J.

Action on a promissory note for $300. Plaintiff moved in the alternative for judgment notwithstanding the verdict or for a new trial. The court denied the motion for judgment but granted a new trial on the ground of errors of law occurring at the trial. No particular errors are mentioned in the order, nor does the motion for a new trial specify any in particular, and the record nowhere discloses what errors in law counsel had in mind in making the motion, or what errors the court had in mind in granting the motion. However, since plaintiff asked for a new trial in the event it was not given judgment, it cannot complain because its motion for a new trial was granted, unless it can be said that its motion for judgment should have been granted.

1. A motion for judgment notwithstanding the verdict should be granted only where it clearly appears that the cause of action sought to be established does not in point of substance constitute a right of recovery. Although the evidence is insufficient to sustain the verdict, still if it appears probable that plaintiff has a good cause of action on the merits, and that the defects in the evidence may be supplied on another trial, judgment notwithstanding the verdict should not be given. Cruikshank v. St.

Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958; Larson v. Great Northern Ry. Co. 116 Minn. 337, 133 N. W. 867; Daily v. St. Anthony Falls Water Power Co. 129 Minn. 432, 152 N. W. 840.

2. The larger part of the consideration of the note was the price of a gasolene engine sold by plaintiff to defendant for $280. The defense was breach of warranty in the sale of the engine. The jury by their verdict found that there was a breach of warranty, and deducted from the amount of the note a substantial amount of damages for such breach. The engine was warranted to be a perfect engine. There is abundant evidence that it was not perfect and that there was in fact a substantial breach of the warranty. The main contention of plaintiff is that there is no evidence of the amount of damages arising from the breach.

3. It is true that no evidence as to the amount of damages was received. Evidence was received from which a jury might find that substantial damages were sustained. Defendant tried to prove the amount of his damage, but his evidence offered for the purpose of making such proof was rejected by the court. We think it very apparent from the whole record that on another trial competent evidence as to the amount of the damage may be supplied. In fact it appears to us that the evidence offered was competent and was erroneously rejected, and if defendant offered competent proof, though it was not received, surely judgment should not be given against him.

4. The case is in this situation: Defendant testified that if the engine had been as warranted it would have been worth the price at which plaintiff sold it to him, viz., $280. He was then asked by his counsel whether he knew the value of the engine at the time and place he bought it in the condition that it actually was in. He answered that he did. He was then asked what that value was and, upon objection of plaintiff, the testimony was excluded. One ground of objection urged is that it did not tend to prove the proper measure of damages. It did. The measure of damages for breach of warranty is the difference between the actual value of the property and the sound value as warranted. Minneapolis Harvester Works v. Bonnallie, 29 Minn. 373, 13 N. W. 149.

5. Another objection urged was that the witness had not shown himself qualified to testify. The question whether a witness has shown himself qualified to give opinion evidence is one resting largely in the discre-

tion of the trial court. Much liberality has, however, been exercised in recent decisions in receiving such evidence, and we think it quite clear that the defendant should have been permitted to answer this question. Defendant's testimony was to the effect that the trouble with the engine was that there was too much vibration, that it would stop or die down and lose its power, and that plaintiff's experts were unable to make it work properly. Defendant was a farmer and not a mechanic, but he had bought the engine and was its owner. He said he knew its value. He had operated gasolene engines before and had observed the operation of this one. He showed some familiarity with its construction and manner of operation. He knew the manner in which it failed to work.

It is generally said that an owner of property is competent to give an opinion as to its value without futher proof of qualification. 1 Wigmore, Ev. § 716; Jensen v. Palatine Ins. Co. 81 Neb. 523, 116 N. W. 286; Tubbs v. Garrison, 68 Iowa, 44, 25 N. W. 921. The reason is that an owner is presumed to be familiar with that which he owns and to have better means of knowing its quality and value than other persons. This may not be an invariable rule. There may be cases where bare ownership of property does not constitute a qualification to testify as to its value. See Crich v. Williamsburg City Fire Ins. Co. 45 Minn. 441, 48 N. W. 198. The rule is, however, applicable under the facts of this case. The fact that the witness is the owner of the property is always important, and when supplemented by proof of familiarity with facts and circumstances as in this case the testimony should be received. Such testimony may not be very satisfactory, but, as was said of similar testimony in Aultman Co. v. Mosloski, 77 Minn. 27, 79 N. W. 593, it was competent to prove some amount of damage, and its value was for the jury to determine. Judgment notwithstanding the verdict was properly denied. Plano Mnfg. Co. v. Richards, 86 Minn. 94, 90 N. W. 120, is not a parallel case. In that case there was no allegation in the pleading of facts essential to proof of damage for breach of warranty. No amendment was asked, and it was said to be "apparent from the evidence that the defendant cannot truthfully make a better pleading."

Order affirmed.