# LEVI ALINK v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

November 1, 1918.

No. 20,941.

**Judgment notwithstanding verdict — Cruikshank case followed.**

Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, to the effect that, where it appears probable that plaintiff has a good cause of action, judgment notwithstanding the verdict will not be granted for a defect in the evidence which may be supplied on another trial, followed and applied.

Action in justice court to recover $99 for injury to two pianos shipped from Chicago over defendant's road. Defendant appealed from the judgment of the justice of the peace to the district court for Fillmore county, where the appeal was heard by Catherwood, J., who denied defendant's motions for a directed verdict, and a jury which returned a verdict for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict, defendant appealed. Affirmed.

*Hopp & Larson,* for appellant.

*Gray & Thompson,* for respondent.

BROWN, C. J.

Action in justice court for damages for the injury to certain personal property shipped over defendant's road by plaintiff, which injury the complaint alleged was caused by the negligence of defendant. Plaintiff had judgment in the justice court and defendant appealed to the district court upon questions of law and fact. A verdict was returned in plaintiff's favor in that court for $99. Defendant moved for judgment notwithstanding the verdict which was denied.

Defendant contends that the evidence wholly fails to support the verdict, and for that reason that there was error in denying its motion for judgment, entitling defendant to a reversal. We do not concur in the contention that there must be a reversal. The evidence makes it

[1] Reported in 169 N. W. 250.

clear that the property was in a damaged condition at destination, but there was no express testimony that it was in good condition and repair at the time it was delivered to defendant for shipment. There is, however, some evidence from which the inference might be drawn that dampness of the car in which the property was shipped accounts in a measure for the damaged condition at destination; and, if there had been an express showing of good condition when delivered for shipment, a complete case for recovery would have been made out. But the failure to show that particular fact creates a deficiency in the evidence which no doubt could be supplied on another trial, and within the rule applicable to a situation of that kind defendant is not entitled to final judgment. The evidence tendered on the trial taken as a whole indicates that plaintiff has a good cause of action, and as the defect therein can be supplied the case comes within Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958.

The judgment must therefore be affirmed.