CHARLES ANDERSON, by Guardian, *vs.* DORILUS MORRISON.

November 18, 1875.

Negligence — Master and Minor Servant.—When an employer sets an employé, who is a minor, to do a dangerous work, other than that for which the minor was employed, the employer is not liable for injuries caused to the minor while engaged in such dangerous work on the ground merely that he set him at the work, unless it was, under all the circumstances of the case, imprudent and negligent on the part of the employer to set him at such work.

Appeal by plaintiff from an order of the district court for Hennepin county, *Vanderburgh,* J., presiding, refusing a new trial.

*John W. Arctander* and *Benton & Benton,* for appellant.

*Merrick & Morrison,* for respondent.

GILFILLAN, C. J.    The cause of action set up in the complaint is based upon the following facts :    That the defendant was engaged in running a cotton mill ; that the plaintiff, a boy of fourteen years, was, with the consent of his father, employed by the defendant as a common laborer to serve and work at and about the elevator in the mill ; that after such employment the defendant, without the knowledge or consent of plaintiff's father or of plaintiff, improperly, wrongfully and negligently directed and required plaintiff to quit such employment, and serve the defendant in feeding, working and clearing a picking machine in said mill ; that working at said picking machine exposed the person employed thereat to very great and unusual danger and risk of receiving personal and bodily injury—to greater risk and danger than service about the elevator—and exposed such person to greater risk than ordinary machines of that kind ; that this increased danger was known to defendant, but unknown to plaintiff or his father ; and that defendant at all times negligently, carelessly and wrongfully omitted to inform plaintiff or his father of any of the risks and dangers attending work on such picking machine ; that the

plaintiff, while carefully, and to the best of his then discretion and ability, attending said machine, had his left hand and arm caught and injured in it, so that it was necessary to amputate the arm. A verdict was found for the defendant.

As the case does not show that it contains all the evidence on the trial, we cannot, according to the long-settled practice of this court, consider whether the verdict was sustained by the evidence, nor whether any instruction to the jury was incorrect, merely because it assumed that there was certain evidence before them. This leaves nothing for us to consider but the exceptions taken to the rulings of the court admitting evidence, and its instructions to the jury upon the fundamental principles on which the action is based.

With regard to the testimony of C. M. Hardenbergh, as an expert, the case does not distinctly show whether it was allowed to go to the jury, or was struck out and excluded from their consideration. We cannot, therefore, consider whether it was or was not proper to go to the jury.

As to whether it was dangerous, and, if so, to what extent, to work at the picking machine, was a material fact, and one upon which it was proper to receive the testimony of experts. The witness, Murray, having shown as intimate a knowledge of this kind of machines, and of this particular machine, as could be expected from any one, it was proper to ask him to "state if it was possible for a person using ordinary care to get injured?"

His answer to the sixteenth interrogatory appears to have been given from his own knowledge, and not upon hearsay, and it is, therefore, not liable to an objection that it is hear say.

The only instruction of the court which, upon the case as presented to us, we can consider, is that in which it defines the nature and character of the action. This instruction was, in substance, that the action was based upon alleged negligence on the part of defendant or his superintendent in setting the boy to work at the picking machine

when he had been employed to do much less dangerous work. The plaintiff claims that, upon being injured in consequence of being set at more dangerous work, a cause of action arises, whether setting him at the more dangerous work was, under the circumstances, a negligent or a prudent thing to do. This proposition is wrong, and the charge of the court correct. If an employer should set an adult, who had capacity to take care of himself, and who knew the risks, to do a dangerous work, of course the employer would not be liable for an injury occurring to the employé in doing the work. And it would be the same if the employé were a minor, but of sufficient capacity to avoid the danger, and who knew of the danger to be avoided. There could be no greater wrong in putting such a minor to do a work accompanied with risk than in setting an adult to do it; and when it would be proper to put a minor to do such work must necessarily depend upon the particular circumstances of each case, upon the character and degree of the danger, and the capacity of the minor to comprehend and avoid it. Putting the minor to do the work becomes a matter of discretion and care, to be exercised with reference to such circumstances, and the employer can be held liable only where he does not exercise such discretion and care—that is, where he is negligent. The case of *Railroad Company* v. *Fort,* 17 Wall. 553, proceeds upon the proposition that the setting the minor in that case to do the perilous work for which he had not been employed was an imprudent act, and not on the ground merely that the work was perilous and the employé a minor.

Order affirmed.