CLARENCE E. MAGERS v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

November 25, 1910.

Nos. 16,825—(82).

**Error to direct judgment notwithstanding the verdict.**

Although the evidence would have justified the trial court in granting a new trial, it was error to direct judgment notwithstanding the verdict; the evidence not conclusively establishing the claims of the moving party.

Action in the district court for Hennepin county to recover $10,-000 for personal injuries. The facts are stated in the opinion. The answer alleged that plaintiff's injuries, if any, were due to risks and dangers he had voluntarily assumed and were directly caused by his own negligence. The reply denied the allegations of

[1] Reported in 128 N. W. 576.

the answer. The case was tried before John Day Smith, J., and a jury which returned a verdict in favor of plaintiff for $1,250. Defendant moved for judgment notwithstanding the verdict or for a new trial. The motion for judgment was granted. From the order directing judgment notwithstanding the verdict, plaintiff appealed. Reversed, without prejudice to defendant's right to move for a new trial within twenty days after filing the remittitur.

*Larrabee & Davies,* for appellant.

*John L. Erdall* and *A. H. Bright,* for respondent.

O'BRIEN, J.

Plaintiff was a member of a switching crew employed in defendant's yard at Minneapolis. The yard ran east and west, and contained, amongst others, tracks 11 and 12. There was a slight grade in the yard, declining towards the west. The engine had been attached head on to four box cars on track 11, which it pulled eastwardly beyond the switch and then pushed westwardly upon track 12. Plaintiff testified that at the time of this movement he took a standing position upon the top and about the center of the most westwardly car, which was about thirty-six feet in length. There were several cars standing upon track 12, and as the car upon which plaintiff was standing approached them he, according to his testimony, braced himself against the blow which he expected when the cars came together, but that by reason of the improper and negligent conduct of the engineer, first in moving the cars at an excessive rate of speed, and next in failing to apply the air brakes upon the engine at the proper time, the plaintiff, when the collision occurred, was thrown from the west end of the car upon which he was riding, and, falling upon his back across the rail, was severely injured.

Two other witnesses, members of the switching crew, testified to seeing plaintiff upon the top of the car, and to finding him upon the ground at the end of the car immediately after the cars came together, and that they assisted him in getting upon the engine and being taken from the yards. One of these witnesses and the plaintiff claimed the cars were moved at too high a rate of speed, and

that they struck the other cars with unusual force.   The other switchman, Hungerford, upon cross-examination said there was nothing unusual in the way the cars came together, but all three of these witnesses claimed the engineer failed to obey certain signals given him.

Upon the part of defendant the engineer testified to a proper and ordinary operation of the engine, and other testimony was introduced which tended to disprove plaintiff's claims in that respect, and as to the condition of the slack between the cars, the propriety of plaintiff's being on the top of the car, and also as to what his conduct should have been in the emergency testified to by him.

There was a sharp dispute as to what injuries, if any, were sustained by plaintiff.   He claimed injury to his back, resulting in some form of nervous breakdown, but admitted having made somewhat similar claims prior to the happening of this accident against the city of St. Paul and against other railway companies on account of other and prior accidents.   There was considerable expert medical evidence introduced as to the extent of plaintiff's injuries, which we refrain from discussing.   Plaintiff had a verdict, but upon an alternative motion judgment was ordered for defendant.

Had the trial court in its discretion granted a new trial of this action, we would have no hesitation in sustaining the order; but, judgment notwithstanding the verdict having been ordered, a different question is presented, for, as said in Lynch v. Great Northern Ry. Co., supra, page 382, 128 N. W. 457: "The fact that the evidence may be clearly and manifestly against a verdict furnishes no basis for a final judgment notwithstanding the verdict, though it is proper in such cases that a new trial be granted."

The issues of this case may be assigned to two divisions, the first of which includes the happening of the accident, and the second the extent of the injuries sustained therefrom by the plaintiff.

An examination of the record convinces us that the evidence did not conclusively show that plaintiff was not thrown from the car in the manner claimed by him.   Two witnesses, other than plaintiff, testified to having seen him upon the car.   Immediately after the cars came together, plaintiff was found upon the ground by

these same witnesses. The evidence as to the speed at which the cars were driven by the engine was conflicting, and while plaintiff's own account of the position he occupied and the manner of his fall was far from satisfactory, we think that all the evidence, taken together, made it a question for the jury to say whether or not the engineer was negligent, and whether the plaintiff was free from contributory negligence. While it is claimed plaintiff suffered no such serious injury as would naturally be expected from an accident such as he describes, it is apparent he might have so fallen without sustaining any substantial injury. Therefore, in determining whether or not the evidence conclusively shows no fall, as claimed, the presence or absence of injury must be excluded.

The second division relates to the question of what injuries were sustained by plaintiff. Defendant claims that during two years prior to the date of the alleged accident plaintiff had made claims upon other persons for compensation for injuries accidentally received by him, and that in some instances at least his claims of physical disability upon those prior occasions were almost identical with his claims here. Defendant was justified in making such a showing upon two grounds: (1) For the purpose of attacking the credibility of plaintiff; and (2) in mitigation of damages. But, without reference to how effective the testimony might be for those purposes, it could not be claimed that it would establish conclusively that the engineer charged with negligence in this action was not negligent, nor that plaintiff was not thrown from the car. If plaintiff was in ill health immediately prior to the accident, he might still be entitled to recover for any aggravation of any ailment or disease from which he was then suffering, or for any specific injury directly traceable to this accident. Blomquist v. Minneapolis Furniture Co., supra, page 143, 127 N. W. 481. In other words, without regard to how overwhelming the testimony might be that plaintiff sustained no severe injury through the accident here complained of, it could not, in this particular case, establish as a matter of law that the occurrence testified to by plaintiff's witnesses did not take place.

We conclude, therefore, that the order directing judgment was not

justified, and must be reversed, but without prejudice to defendant's right to move for a new trial, if it shall so elect, within twenty days after the filing of the remittitur.

It is so ordered.

JAGGARD, J. (dissenting).

I respectfully dissent. The evidence as to defendant's negligence appears to me upon final analysis to rest substantially upon plaintiff's own testimony as to how the accident occurred. Plaintiff was so thoroughly impeached as a witness that the trial court was justified in directing a verdict.