## LEANDER KOSKI v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY and Another.[1]

November 24, 1911.

Nos. 17,359—(67).

**Warning to servant — failure to submit issue to jury — negligence.**

Plaintiff, an employee of defendant company, while standing between two tracks in the yards of defendant, waiting to board a switch engine approaching on one of the tracks, in order to go to his work, was struck by an engine on the other track and injured. It is *held:*

1. That it was not negligence for defendant to direct plaintiff to go down the tracks to a particular point in order to board the switch engine, and not negligence to fail to warn plaintiff of the danger to be apprehended from engines or trains moving on the tracks.

2. Where the trial court submits a case to the jury on a ground of negligence which does not show liability, but the pleadings and evidence make a case for the jury on grounds not submitted, defendant would be entitled to a new trial, but is not entitled to judgment notwithstanding the verdict.

3. The evidence made a case for the jury on the question of defendant's negligence.

[1] Reported in 133 N. W. 790.

[Note] As to duty of master to adopt rules to protect servant, or to warn him, against dangers not reasonably to be apprehended, see note in 21 L.R.A. (N.S.) 89.

4. It does not conclusively appear that plaintiff was guilty of contributory negligence.

Action in the district court for Hennepin county by the guardian of Leander Koski to recover $20,000 for personal injuries. The case was tried before Steele, J., who at the close of plaintiff's case and at the close of the evidence denied defendants' motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $1,500. From the judgment entered pursuant to the verdict, defendants appealed. Affirmed.

*F. W. Root* and *Nelson J. Wilcox,* for appellants.

*Henry Spindler, F. E. Latham,* and *C. A. Pidgeon,* for respondent.

Bunn, J.

Plaintiff commenced to work for defendant in July, 1909, as a car cleaner. He was eighteen years old, and had come from his native country, Finland, about two months before. He had no experience with railroad work, and was unable to speak or understand English. With Stone, another Finlander, plaintiff roomed near the station of defendant in Minneapolis. They worked cleaning cars which were on tracks in defendant's yard a mile or more east of the station. In going to their work, they rode on a switch engine, which they took each morning at a point near the end of the depot sheds. This practice continued until the morning of the accident, September 28, 1909. On that morning the fireman of the switch engine directed plaintiff and Stone to go down the yard east of the train shed near a certain switch, where the switch engine would pick them up. Plaintiff walked east some six hundred feet between two tracks. He then stood between tracks 2 and 3 and waited for the switch engine which was then switching onto track 3. While so waiting he was struck by an engine that came from the east on track 2, hurled against and under the switch engine which he was waiting to take, and seriously injured.

He brought this action against the railway company and David Burke, engineer on the engine that struck him, to recover for the

injuries so received. The complaint charged negligence in (1) directing plaintiff to go down the tracks to meet the switch engine without warning him of the danger to be apprehended; (2) maintaining parallel tracks with too little space between them; (3) running the engine that struck plaintiff at a high rate of speed, and without warning of its approach; (4) not keeping proper lookout on the engine to discover persons on the tracks. Defendants answered, admitting the accident, denying negligence, and alleging contributory negligence. On the trial, at the close of plaintiff's case, and again at the close of all the evidence, each defendant moved for a directed verdict. The motions were denied, and the case submitted to the jury, which returned a verdict in favor of plaintiff and against both defendants in the sum of $1,500.

The trial court, in its charge, instructed the jury that they could not consider, on the question of defendants' negligence, the speed of the engine that struck plaintiff, or the fact that the bell was not rung, or anything in connection with the running of the engine. The only charge of negligence submitted to the jury was directing plaintiff to take his position at the switch to wait for the switching engine, and the jury was expressly instructed that, unless they found that the engine crew told plaintiff to take his station at the switch, the verdict should be for defendants. Defendants made a motion for judgment notwithstanding the verdict. This motion was denied, and each defendant appealed.

Should judgment notwithstanding the verdict have been ordered? Defendants did not move for a new trial; hence, if there was any evidence to support a verdict for plaintiff, the motion for judgment was properly denied.

1. We concur in defendants' contention that it was not actionable negligence for the fireman or engineer of the switch engine to direct plaintiff to go down the tracks to the point where he was injured, without warning him as to the danger to be apprehended from trains or engines moving in the yards. It is the duty of the master to warn his servants of latent defects and dangers of which the master has or ought to have knowledge, when such dangers are unknown to the

servants; but no duty rests upon the master to warn as to dangers that are obvious and apparent.

Plaintiff had worked in these yards for nearly three months, and, though he was but eighteen years old and without experience, he was familiar with the yards and the network of tracks, and knew that trains and engines were continually moving over them. Clearly the master might assume that plaintiff possessed the ordinary faculties and ordinary intelligence. The danger was as obvious to plaintiff as it was to defendant. A warning to "look out for the cars" would have told plaintiff nothing that he did not already know. The direction to plaintiff to go up to the switch and there get on the engine was not an order to the servant to take a position of extra hazard, and cannot be considered a negligent act. Plaintiff was already in the yards, and the most that the fireman did was to direct him to go to another place in the yards, where the switch engine was to stop. There was no danger in the particular place that plaintiff was directed to go to that was not to be found anywhere in the yards, and this was solely the danger of being struck by a moving engine or train. We are satisfied, therefore, that the ground of negligence upon which the case was submitted to the jury was wholly without substance.

In any event, even if defendant railway company was negligent in the respect above discussed, it is quite impossible to see the basis upon which defendant Burke could be held. He was in no way concerned with the direction to plaintiff given by the fireman of the switch engine, or with the failure to warn plaintiff. In short, if either defendant had moved for a new trial, it would have been error to deny the motion.

2. But if, under the pleadings and the evidence, a case was made for the jury, judgment notwithstanding the verdict should not be granted, though the case was submitted to the jury on a ground which does not show liability. To state the proposition in another way, judgment should not be granted, if it would not have been correct to direct a verdict for defendants at the close of the testimony. This is clearly so, even without the rule in Cruikshank v. St. Paul F. &

M. Ins. Co. 75 Minn. 266, 77 N. W. 958. That rule goes further than it is necessary to go in this case.

3. The evidence, in our opinion, made a case for the jury on the question of negligence in the operation of the engine that struck plaintiff. We cannot hold as a matter of law that the speed of the engine, the failure to ring the bell, or the failure to discover plaintiff in a position of danger did not constitute negligence. It therefore follows that neither defendant was entitled to a directed verdict, unless it conclusively appeared that plaintiff was guilty of contributory negligence.

4. On the question of plaintiff's negligence, this is a doubtful case, as is almost every case where an employee, while walking or standing on or close to the track, is run down by a train or engine. But considering the evidence that plaintiff's attention was directed to the switch engine he expected to board, his experience, the evidence of obstructions to his vision, and his right to rely to some extent on being warned of the approach of an engine, we reach the conclusion that the question was one for the jury. It is not the Magliani case, 108 Minn. 148, 121 N. W. 635, but more like the cases of Lewis v. Chicago, St. P. M. & O. Ry. Co. 111 Minn. 509, 127 N. W. 180, and Keenan v. Chicago, R. I. & P. R. Co. supra, page 107, 133 N. W. 789.

We hold that neither defendant was entitled to a directed verdict, or to judgment notwithstanding the verdict.

Judgment affirmed.