# DOUGLAS FALCONER v. WILLIAM SHERWOOD.[1]

June 28, 1912.

Nos. 17,611—(154).

**Guarding dangerous machinery.**

Where it is practicable for a master to guard machinery which, if left unguarded, is dangerous to those whose duties in their employment require them to labor around it, and there is a failure to guard, and a resulting accident and injury, the master is deemed negligent as a matter of law.

**Same — instruction to other servants.**

Where a machine, with dangerous parts thereof exposed, was in actual operation at the time plaintiff, who was in the defendant's employ, caught his foot in such parts and was injured, and had been in operation for two weeks prior thereto, the defendant was not relieved of liability for failure to guard such dangerous parts of the machine, as required by the statute, merely because he had instructed his employees, other than the plaintiff, to cover such dangerous parts.

**Contributory negligence — assumption of risk.**

Whether the plaintiff, who was injured, while in the defendant's employ, by losing his balance and getting his foot caught in the bevel gearing of a ditching machine, was guilty of contributory negligence or had assumed the risk, *held* for the jury.

Action in the district court for Douglas county to recover $10,500 for personal injuries. The reply was a general denial. The case was tried before Nye, J., and a jury which returned a verdict in favor of plaintiff for $1,500. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Constant Larson,* for appellant.

*Gunderson & Leach,* for respondent.

[1] Reported in 136 N. W. 1039.

[Note]  Master's statutory liability for defects in the condition of his plant, see notes in 57 L.R.A. 817 and 30 L.R.A.(N.S.) 36.

Master's duty to guard machinery as a delegable one, see notes in 54 L.R.A. 71 and 17 L.R.A.(N.S.) 568.

PHILIP E. BROWN, J.

Action to recover for personal injuries alleged to have been caused by the defendant's failure to guard the bevel gear of his ditching machine. The cause was tried to a jury, and at the close of the evidence the defendant moved the court to direct a verdict in his favor, which motion was denied, and the cause was submitted to the jury, who returned a verdict for the plaintiff. Thereafter a case was settled, and the defendant moved for judgment notwithstanding the verdict, the court made its order denying the motion, and this is an appeal from the judgment entered.

On the trial evidence was received from which the jury might well have found the following facts:

At the time of the accident the defendant had constructed and was operating a certain dredging machine near Nashua, in this state, known as a "walking machine." It was so constructed that the power, in addition to operating the dredging appliance, called the "dipper," propelled the entire machine, and also a wooden structure inclosing it at both sides and on one end, forward and backward as required in the performance of the work. A gasolene engine furnished the motive power, and the machine, when in operation, was placed on dry land immediately ahead of the ditch as it was being constructed, and could be moved ahead by means of "feet," which were operated by the engine and a system of shafts and gearing. When the dipper was in operation the machine was stationary and the walking device was motionless; but as soon as the earth in the ditch had been excavated as close up to the machine as possible the power was disconnected from the hoisting device and dipper, and connected with the walking device, and the machine was thus propelled forward.

On each side of the structure a lever was located, by which the power was switched from the hoisting and dipper machinery to the walking contrivance. The "feet" of the walking device were operated by a drive shaft on each side of the structure, and these drive shafts were connected with open bevel gearing, consisting of two cogwheels about fourteen inches in diameter which meshed into

each other, and the top of this gearing was from ten to twelve inches above the floor of the structure, about a foot from one of the side walls, and was in plain sight. The bevel gearing referred to, which caused the accident, was on the left side of the machine, calling the end on which the dipper hung the front. A countershaft was in the center of one-half of the bevel gearing, so that the gearing rested a little above the floor.

The machine had been in operation for about two weeks prior to the accident, and up to the time of the accident the gearing had never been covered, though covering was practicable, and the defendant so knew, and also knew that the contrivance was dangerous. At the time of the accident the plaintiff was twenty-one years old, and at least of average intelligence. He had been working on dredges in the year 1909, and also in 1910, but had never before worked on a walking machine. The plaintiff was in the defendant's employment, and his duties consisted in generally helping around and in the running and oiling of the machine, setting stakes, and assisting inside and outside of the covering structure. He then knew of the bevel gearing, and had been advised by the defendant's foreman that the same looked dangerous, and that they should be covered. He had also seen the gearing work, and had worked around them, and was familiar with their operation, and knew that they were dangerous.

Prior to the accident he had been directed by the defendant's foreman to put up a tool rack whenever he had an opportunity and at a place to be selected by him; and pursuant to such orders, and between four and five o'clock on the afternoon of September 17, 1910, he nailed a board between the 2x4's of the structure, and was engaged in boring holes therein for the tools to fit in. To accomplish this he stood facing the side wall of the structure about a foot or a foot and one-half from the gearing, with his left foot next to it and from a foot and one-half to two feet therefrom.

This part of the machine was not then in operation, and the gearing was quiet, and the whole building was stationary. The engine, however, was running, and one of the defendant's employees, one Neller, was operating the derrick and dipper in digging the ditch.

Neller had excavated the soil in the ditch as far as he could. The levers which were used to start the machinery to set the walking device in motion were located behind the plaintiff, and Neller was on the other side of the machine, so that the levers were between the plaintiff and Neller. The latter attempted to release the levers so as to move the machine, and they were suddenly and unexpectedly released, and the walking device was thrown into gear and started. The jar of this sudden starting unbalanced the plaintiff, and he slipped and caught his right foot in the bevel gearing and was severely injured.

The specific charge of negligence contained in the complaint was that the defendant failed in his duty to furnish the plaintiff a safe place in which to work and to fence or inclose the bevel gearing referred to, pursuant to the provisions of R. L. 1905, § 1813. The answer denies that the defendant was negligent, and alleges that the plaintiff was himself guilty of contributory negligence, and that he assumed the risks incident to his employment.

1. The defendant contends that the evidence fails to show any negligence on his part. The established rule here is that, where it is practicable for the master to guard machinery which, if left unguarded, is dangerous to those whose duties in their employment require them to labor around it, and there is a failure to guard and a resulting accident and injury, the master is deemed negligent as a matter of law. Snyder v. Waldorf Box Board Co. 110 Minn. 40, 124 N. W. 450; Glockner v. Hardwood Mnfg. Co. 109 Minn. 30, 122 N. W. 465, 123 N. W. 807, 18 An. Cas. 130.

The defendant further claims that there was uncontroverted testimony establishing that the dredging machine, at the time of the injury, was not complete; that the gearing in which the plaintiff's foot was caught was likewise incomplete, and that the defendant had given instructions to his employees other than this plaintiff, to cover the gears as soon as possible; and that hence he was not negligent. We cannot agree in this contention. The evidence established that the machine was complete at the time of the accident, in the sense

that it was then in actual operation and had been operated for some two weeks prior thereto. The defendant's duty to take the statutory steps to protect others from injury from these exposed cog-wheels was absolute, and could neither be discharged, nor the defendant be released from liability, or held not negligent, merely because he directed others to perform his duties in this respect. The several phases of this contention were submitted to the jury under instructions quite as favorable to the defendant as he was entitled to, and to which he took no exception, and this claim furnishes no basis for interfering with the verdict. It would have been gross error for the court to have directed a verdict for the defendant on this ground.

2. The defendant makes the further points that the evidence established that the plaintiff assumed the risk and was guilty of contributory negligence. The rules with reference to these alleged defenses are so thoroughly established in and have been so frequently applied by this court that no extended discussion, either of the law or the facts, is necessary; and, while they are separate defenses, they are usually coupled, as here.

The writer, speaking for himself alone, is of the opinion that the alleged defense of assumption of risk has no application to this case, nor to any case where the plaintiff's right to recover is predicated upon the failure of the defendant to perform the statutory duty to guard dangerous machinery. This divergence of opinion, however, from the established doctrine of this court, is immaterial in this case; for it is settled by the decisions of this court that where a servant, lawfully in the vicinity of unguarded dangerous machinery, slips or loses his balance by some mishap, and is brought involuntarily in contact with such machinery while the same is in motion, and is injured thereby, the fact that he knew that the machinery was unguarded, and that he would be injured by such an occurrence if it should happen, does not of itself establish, as a matter of law, that he either assumed the risk or was guilty of contributory negligence. Snyder v. Waldorf Box Board Co. supra, and cases cited therein.

We hold that the instant case cannot be distinguished from and

is governed by the case last cited. See also Gilbert v. City of Tracy, 115 Minn. 443, 132 N. W. 752; Glockner v. Hardwood Mnfg. Co., supra.

In considering the claim of contributory negligence, it should be remembered that there was manifestly no danger from the gearing when the walking machine was at rest, as it was just prior to the accident.

Judgment affirmed.