# JOHN J. DAILY v. ST. ANTHONY FALLS WATER POWER COMPANY.[1]

May 28, 1915.

Nos. 19,206—(124).

**Failure to warn inexperienced servant.**

1. The complaint and evidence examined and *held* to disclose, in point of substance, a right of action for the negligent failure of defendant to warn and instruct plaintiff's intestate, an inexperienced servant, of the dangers incident to his work, which were known to defendant and not known to his servant.

**Judgment notwithstanding verdict — good cause of action but defects in evidence.**

2. Where the pleadings and evidence in a cause show a substantial right of action, judgment notwithstanding the verdict will not be granted for defects in the evidence, when it appears from the record that such defects may be supplied on another trial. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, followed and applied.

**New trial.**

3. *Held*, further, following Koski v. Chicago, M. & St. P. Ry. Co. 116 Minn. 137, that where the trial court submits a case to the jury on a ground of negligence which does not show liability, but the pleadings and evidence make a case on grounds not submitted, a new trial, and not judgment notwithstanding the verdict, is the proper remedy.

Action in the district court for Hennepin county by the administrator of the estate of William Horkovice, deceased, to recover $7,500 for the death of his intestate. The case was tried before Molyneaux, J., who at the close of plaintiff's case denied defendant's motion to dismiss the action, and denied its motion for a directed

1 Reported in 152 N. W. 840.

Note.—On the question of the duty of a master to instruct and warn his servants as to the perils of the employment, see note in 44 L.R.A. 33.

As to statutory liability of employers for defects in the condition of their plant, see note in 57 L.R.A. 817.

verdict, and a jury which returned a verdict for $3,000. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Briggs, Thygeson & Everall,.* for appellant.

*Mead & Bryngelson* and *L. S. Ogden,* for respondent.

BROWN, C. J.

This action was brought to recover for the death of plaintiff's intestate, alleged to have been caused by the negligence of defendant. Plaintiff had a verdict; defendant moved for judgment notwithstanding the verdict (not asking for a new trial), which was denied. Judgment was subsequently rendered on the verdict and defendant appealed.

The only question presented is whether the evidence on either ground of the negligence alleged in the complaint shows a right of recovery. Not having asked for a new trial, it is unnecessary to consider the assignments of error challenging the rulings of the court on the admission or exclusion of evidence or the instructions or refusals to instruct the jury, save only the request for a directed verdict in defendant's favor. Helmer v. Shevlin-Mathieu Lumber Co. 129 Minn. 25, 151 N. W. 421; Northwestern Marble & Tile Co. v. Williams, 128 Minn. 514, 151 N. W. 419.

The facts are as follows:

Defendant owns and operates a dam and power plant in the Mississippi river at the falls of St. Anthony for the generation of electricity. The building in which the machinery is located is situated on the east bank and out into the bed of the river. Immediately adjoining the building is a sluiceway for the passage of logs down the stream. The dam at this point is about 14 feet high and a part of the water there accumulated passes through and moves the turbine wheels in the power house, and a part thereof flows out through the sluiceway. The water is deep and flows in a powerful, steady and swift current, carrying with it any and all objects falling into the same. To the north of the power house and attached thereto is a

129 M.—28.

platform extending the entire length of the building, under which there are bars or gratings intended to prevent the passage of bark and *débris* into the machinery operated in the building. Workmen are employed whose duty it is to remove all rubbish there collecting: this is accomplished by the use of long-handled rakes, the rubbish being subsequently thrown into the sluiceway, through which it passes into the river below. The sluiceway is located at the west end of the power house and immediately adjoining the platform just mentioned. Extending from the west end of this platform, defendant maintains an ordinary floating river boom, used for the purpose of enabling the workmen to guide floating logs into the sluiceway, and to prevent them from passing under the boom into that part of the reservoir from which the water flows through the power house. The boom is about 4 feet wide, and covered with a plank walk. Logs frequently come down the stream in large numbers, and the work of guiding them into the sluiceway is dangerous when performed from the boom and requires the service of experienced men.

Plaintiff's intestate was in the employ of defendant at this plant, and met his death while engaged on the boom in guiding logs to the sluiceway. In attempting to prevent a log from passing under the boom and to keep it from floating into the space fronting the power house, in some way, probably by his failure to know or understand how properly to handle the pike with which he was working, he was caused to fall into the water at the mouth of the sluiceway and was carried into the same and to his death.

The complaint fairly construed charges negligence in two respects: (1) The alleged failure of defendant to comply with chapter 288, p. 403, Laws 1911, requiring dangerous places in and about factories, mills, workshops and engineering works, to be fenced, guarded or otherwise protected; and (2) the failure of defendant to warn and instruct decedent, who was without experience and not familiar with the dangers and risks incident to his work. The first ground of negligence so alleged was the only one submitted to the jury; the court refused to submit the second, but for what reason does not appear from the record. It may be conceded, in harmony with de-

fendant's contention, that the statute relied upon by plaintiff has no application to the facts here presented, but from this it does not follow that defendant is entitled to judgment on the merits of the action. The complaint presented the other issue, namely, the failure of defendant to give decedent proper instructions, and, if the evidence tends to show a right of recovery upon that ground, a new trial was the remedy and not a judgment. Koski v. Chicago, M. & St. P. Ry. Co. 116 Minn. 137, 133 N. W. 790.

It appears from the record before us that the work in guiding logs into the sluiceway, from the position of workmen upon the boom, is dangerous and hazardous to one not familiar with the manner of its performance and who is without practical experience therein. Decedent was a little past 20 years of age and wholly inexperienced in this kind of work; he was a common laborer and had recently come from his home in Austria-Hungary, and was unable to speak our language, and the employees of defendant in charge of the work could not speak his language. He was given employment by defendant, but was given no instructions or warning of the dangers incident to working upon the boom, and the evidence will justify the conclusion that his death resulted from his lack of experience and lack of familiarity with the dangerous character of that work. The fact that the work was dangerous, which he did not know or appreciate, imposed upon defendant the obligation to instruct and warn him, but so far as the record discloses no such warnings or instructions were given. He had been in defendant's service about two weeks at the time of his death, during the greater part of which he was engaged at the platform raking chips and bark from the gratings, and only occasionally had he been sent to work on the boom. It was a sharply contested question on the trial whether decedent was required or expected to work on the boom at all, defendant contending that he was employed solely for removing bark from the grating, which was attended with no particular danger or risk of injury. Whether decedent's employment was so limited, was made by the evidence an issue of fact for the jury to determine. So also was the question of assumption of risk for the jury.

In this situation of the pleadings and the evidence, clearly presenting a right of recovery in point of substance, though the evidence in some respects may be deficient, defendant is not entitled to judgment, even though the question of liability upon this ground was not submitted to the jury. The facts bring the case within the rule that judgment notwithstanding the verdict will be granted only where it clearly appears that the cause of action sought to be established does not in point of substance constitute a right of recovery, and will be denied in all cases where from the record it appears probable that the party has a cause of action and that defects in the evidence may be supplied on another trial. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958; Bennett v. Great Northern Ry. Co. 115 Minn. 128, 131 N. W. 1066; Magers v. Minneapolis, St. P. & S. S. M. Ry. Co. 112 Minn. 435, 128 N. W. 576; Kotefka v. Chicago, St. P. M. & O. Ry. Co. 114 Minn. 403, 131 N. W. 482. Whatever defects there may be in the evidence to support plaintiff's case upon the ground stated, including the question whether decedent left a wife and children dependent upon him for support, clearly may be supplied on another trial, and the rule of the cases cited applies. The deficiencies in the evidence may in a measure be accounted for from the fact that court and counsel seemed to regard the alleged failure of defendant to fence and guard the boom with railings of some kind, the principal question in the case, and attention was directed chiefly to that issue. Several errors crept into the record, for which a new trial would have been granted if applied for, but this does not justify a final judgment.

Judgment affirmed.

On June 11, 1915, the following opinion was filed:

PER CURIAM.

It is ordered that defendant's application for a rehearing be and the same is hereby denied. The request that the order of this court be so amended as to remand the cause without prejudice to the right of defendant to move for a new trial is also denied. An application

for leave to make such motion, if grounds exist therefor, must be addressed to the trial court, and the affirmance here ordered in no way interferes therewith.