## O. B. KNAPP v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 16, 1915.

Nos. 19,366—(240).

**Federal Employer's Liability Act — questions for jury.**

1. In this action under the Federal Employer's Liability Act the evidence

[1] Reported in 153 N. W. 848.

---

Note.—As to constitutionality, application and effect of the Federal employers liability act. See notes in 47 L.R.A.(N.S.) 38, L.R.A.1915C, 47.

is held to make the issues of defendant's negligence, plaintiff's contributory negligence and assumption of risk for the jury and not the court.

**Same — proximate cause.**

2. It was also for the jury to determine whether defendant's negligence was the proximate cause of the injury.

**Damages not excessive.**

3. The damages as reduced are not so excessive as to warrant interference by this court.

Action in the district court for Meeker county to recover $35,000 for personal injury received while in the employ of defendant. The case was tried before Qvale, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $12,000. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict in the sum of $2,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

M. L. Countryman and A. L. Jaynes, for appellant.

John I. Davis, Tom Davis and Ernest A. Michel, for respondent.

HOLT, J.

Plaintiff lost his arm while at work for defendant. He alleged defendant's negligence to be the cause of his misfortune, and recovered heavy damages. The court denied defendant's motion for judgment notwithstanding the verdict, but ordered a new trial unless plaintiff consented to a reduction of the verdict. Plaintiff consented and defendant appeals.

It was conceded that, when the injury was received, plaintiff as a servant of defendant was engaged in work pertaining to defendant's business of a common carrier of interstate commerce. The pleadings were amended upon the trial so as to predicate recovery under the provisions of the Federal Employer's Liability Act. Our state statute has therefore no bearing upon the issue of negligence, contribu-

tory negligence, or assumption of risk. This is fully set at rest in Seaboard Air Line v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. ed. 1062. The contention is that no negligence on the part of defendant was proven; that the defendant's assumption of the risk from which he was injured conclusively appeared; that there was a failure to prove defendant's negligence the proximate cause; and that excessive damages were awarded.

Plaintiff was the station agent at Dassel, Minnesota. He also had to attend the pump-house, some distance from the station, once or twice a day, so that the water tank for the locomotives was kept filled. The water was supplied by means of a triple pump operated by a gasolene engine. The pump and engine were in a small room. The fly-wheel of the engine was about 6 feet in diameter, leaving the horizontal shaft connecting with the pump about 3 feet from the floor. Upon this shaft was the clutch by which the pump was set in motion, and between the clutch and the crank near the fly-wheel were two protruding set screws. After starting the engine, which had to be done by turning the fly-wheel, plaintiff turned down some grease cups on the pump. These cups were between the pump and the rear wall of the building. In order to throw the clutch to start the pump, plaintiff had to pass near the shaft mentioned. He was in a hurry, and claims that as he so attempted to pass he lost his balance, either through a slip upon the greasy floor or a jerk by his coat being drawn into the fly-wheel or shaft, and in striking out to catch himself his hand and part of the arm came between the crank of the shaft and top of the hood which partially, but inadequately guarded it. The crank revolved towards the top of this guard. Plaintiff says his arm was cut off so quickly that he did not know it was gone until he saw the blood spurt from the stump. The evidence is very clear that it was practicable and feasible to have guarded the set screws and crank so as to fully protect from danger those who had to pass by. We think the jury was justified in finding the defendant negligent under the common-law rule governing the duties of the master. See cases cited under 2 Dunnell, Minn. Digest, § 5895.

Under the Federal act contributory negligence does not defeat

recovery, it merely serves to reduce the damages, while assumption of risk, under the facts of the case at bar, is a complete defense. For that reason plaintiff's counsel desires everything which tends toward proving assumption of risk attributed to plaintiff's negligence, and defendant's counsel is equally eager to resolve all appearance of contributory negligence into an assumption of risk.

Plaintiff had had charge of the running of the pumping outfit, not including the repairs thereon, for over eight years. He was of mature age, and, no doubt, of average intelligence. Had he been caught on the set screws or got his hand between the guard and crank while working over, or with, the shaft, the legal inference might be conclusive that the risk incident thereto was assumed by him. But he had just turned some grease cups on the rear of the pump and started to go to the front of the engine to throw the clutch in gear. In so doing it is easy to understand how the jury could find that in his hurry he either slipped on the greasy floor, or inadvertently and negligently came too near the shaft and fly-wheel. It does not much matter which, because the jury could well say neither came within the risks understood and appreciated by plaintiff, that it was an involuntary and unforeseen mishap. Both causes given for losing his balance may be referable to plaintiff's negligence rather than to an assumption of known and appreciated danger arising out of defendant's negligence. We appreciate this to be a very close case upon the issue of assumption of risk, but believe it to come within such decisions as Glockner v. Hardwood Mnfg. Co. 109 Minn. 30, 122 N. W. 465, 123 N. W. 807, 18 Ann. Cas. 130; Snyder v. Waldorf Box Board Co. 110 Minn. 40, 124 N. W. 450, and Falconer v. Sherwood, 118 Minn. 357, 136 N. W. 1039.

Whether the defense of assumption of risk has been made out is ordinarily for the jury. And so it would be for the jury to say whether facts and circumstances pioven establish contributory negligence or assumption of risk, for in some respects the two defenses blend. In Jones v. East Tennessee, V. & G. Ry. Co. 128 U. S. 443, 9 Sup. Ct. 118, 38 L. ed. 478, it was said with reference to the issue of contributory negligence: "We see no reason, so long as the jury

system is the law of the land, and the jury is made the tribunal to decide disputed questions of fact, why it should not decide such questions as these as well as others." This statement was approved in Washington & G. Ry. Co. v. McDade, 135 U. S. 554, 10 Sup. Ct. 1044, 34 L. ed. 235, wherein were involved the issues found in the case at bar. See also Choctaw O. & G. Ry. Co. v. McDade, 191 U. S. 64, 24 Sup. Ct. 24, 48 L. ed. 96; McGovern v. Philadelphia & R. Ry. Co. 235 U. S. 389, 35 Sup. Ct. 127, 59 L. ed. 283; Seaboard Air Line Co. v. Padgett, 236 U. S. 668, 35 Sup. Ct. 481, 59 L. ed. —. The learned trial court submitted the issue of contributory negligence and assumption of risk to the jury so fully and accurately that no fault is found by defendant in that respect.

It is also said plaintiff's negligence was the sole cause of the injury. That, had he not slipped or come so near that his clothing had caught, the accident would not have happened. We think it more reasonable to say that his stumbling would have been of no serious consequence had there been no negligence in leaving a dangerous place exposed upon the machinery. The conclusion is readily and properly at hand that the absence of a suitable guard for the crank shaft was the proximate cause. Rase v. Minneapolis, St. Paul & S. S. M. Ry. Co. 107 Minn. 260, 120 N. W. 360, 21 L.R.A.(N.S.) 138; Swick v. Ætna Portland Cement Co. 147 Mich. 454, 111 N. W. 110.

The trial court reduced the damages to $10,000. Plaintiff, when injured, was near 60 years old and earning about $120 per month. He lost his right arm at the elbow. He was right-handed. The amount as approved by the trial court is very liberal, but not excessive in the opinion of a majority of this court.

Affirmed.