# JACOB MAIJALA v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 23, 1916.

Nos. 19,626—(61).

**Failure of master to warn servant — question for jury — judgment notwithstanding verdict.**

Decedent, a young man under 15 years of age, was in the employ of defendant as a section hand; he was by the order of his foreman transferred to work upon a gravel train, the dangers and risks of which were greater than those attending work upon the section, and while so engaged fell between certain cars of the train and received an injury resulting in his death. In an action to recover for his death it is *held* that:

(1) The question whether, in view of the age of decedent, and his lack of experience, defendant was chargeable with negligence in transferring him to the increased place of danger, without adequate instructions and warnings, was by the evidence a question of fact and should have been submitted to the jury.

(2) Negligence of that character is sufficient to support an action under the Federal Employer's Liability Act, for it is a rule of negligence applied by the Federal courts.

(3) Since there was an issue of negligence upon which plaintiff might recover, though not submitted to the jury, defendant was not entitled to judgment notwithstanding the verdict merely because plaintiff could not recover upon the issues in fact submitted to the jury, and the motion for such judgment was properly denied.

[1]Reported in 158 N. W. 430.

Note.—As to constitutionality, application and effect of Federal Employer's Liability Act, see notes in 47 L.R.A.(N.S.) 38; L.R.A. 1915C 47.

Action in the district court for St. Louis county by the administrator of the estate of Jacob William Maijala, deceased, to recover $7,500 for the death of his intestate while in the employ of defendant. The case was tried before Fesler, J., who at the close of the testimony denied defendant's motion to dismiss the action, and a jury which returned a verdict for $2,500. From an order denying its motion for judgment notwithstanding the verdict and granting its motion for a new trial, defendant appealed. Affirmed on condition.

*M. L. Countryman* and *Baldwin, Baldwin & Holmes,* for appellant.
*John Jenswold* and *John D. Jenswold,* for respondent.

BROWN, C. J.

Action under the Federal Employer's Liability Act to recover for the death of plaintiff's intestate caused by the alleged negligence of defendant. Plaintiff had a verdict for the sum of $2,500; and defendant thereafter moved for judgment or a new trial, the motion for a new trial being based in part upon the ground of errors occurring at the trial and excepted to by defendant. The court denied the motion for judgment but granted a new trial on the ground of error in the instructions to the jury. Defendant appealed.

The only question presented is whether the court erred in denying the motion for judgment notwithstanding the verdict. We think the motion was properly denied. The evidence presented in the record tends to show the following facts. Defendant operates a line of interstate railroad, which, on the occasion of the death of decedent, it was engaged in repairing by distributing thereon gravel hauled by train from a point on the line. Decedent, nearly but not yet 15 years of age, had been in the employ of defendant as a member of a section crew upon this line, and had been so employed for two or three months. On the day of the accident resulting in his death the conductor in charge of the gravel train requested of the foreman of this section crew the assistance of two men to aid in unloading the gravel. The foreman designated decedent and another for this purpose, and directed them to board the gravel train and aid in the work when the train reached its destination. Decedent had on two prior occasions performed the same work, but that was the extent of his experience in this line of the railroad service. The train was composed of a

number of cars and the gravel was removed therefrom by a plow or scraper pulled over the surface of the cars when stationary; during this operation certain iron aprons were lowered at the end of each car which covered the space between the cars. Whether these aprons were required to be down or up during the time the train was in movement over the road is not important. One of them was not lowered into position on this occasion, and while decedent was passing over the train, then running 3 or 4 miles per hour, to reach a point at which he expected to work when the train stopped, he fell between the cars and received an injury which resulted in his death a few hours later. The evidence also tends to show that the work around and about the gravel train was attended with far greater danger than that incident to and connected with the work upon a section, and as a member of a section crew. There is no evidence of instructions or warnings to decedent as to the dangers of the employment, and his sole experience was as heretofore stated the performance of the same work on two other occasions.

While this statement of the facts is perhaps incomplete, it is a sufficient general outline of the case for an understanding of the questions presented.

Plaintiff relied for recovery upon three grounds of alleged negligence, namely: (1) The act of the section foreman in taking decedent from his work on the section and requiring him to engage in the more hazardous work upon the gravel train, without giving him proper warning and instructions as to the dangers thereof; (2) that since decedent was under the age of 15 years his employment by defendant without a compliance with G. S. 1913, § 3870, was illegal and *prima facie* evidence of negligence (Perry v. Tozer, 90 Minn. 431, 97 N. W. 137, 101 Am. St. 416); and (3) the failure of defendant to have the iron apron down upon the connecting ends of the car, thus making the passage over the cars dangerous to trainmen.

The trial court submitted the case to the jury upon the second and third, and refused to instruct the jury upon the first ground of negligence so relied upon. Subsequently the court concluded that it was error to instruct that negligence might be predicated upon a violation of the state statute prohibiting the employment of minors, and for that reason a new trial was granted. The court also held that the evidence was suf-

ficient to support the last charge of negligence, the alleged failure to lower the iron apron into place, and for that reason denied the motion for judgment.

It is defendant's contention that the alleged violation of the state statute is not available to plaintiff, for the action is under the Federal Employer's Liability Act and to enforce rights thereby granted, and that a rule of negligence created by a state statute cannot be made the basis of recovery therein. And further that there is no sufficient evidence of negligence in respect to the care of the iron apron and, therefore, that judgment should have been ordered for defendant.

It is well settled by our decisions that defendant in a case of this kind is not entitled to judgment notwithstanding the verdict, where it appears probable that plaintiff has a good cause of action, and that defects in evidence may be supplied on the trial. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958; Dunnell, Minn. Dig. 1916 Supp. § 5082, [p. 557] and cases there collected. It is also settled that where the trial court submits a case to the jury on a ground of negligence which does not show liability, but the pleadings and evidence make a case on grounds not submitted, a new trial and not final judgment is the remedy. Koski v. Chicago, M. & St. P. Ry. Co. 116 Minn. 137, 133 N. W. 790; Daily v. St. Anthony Falls Water Power Co. 129 Minn. 432, 152 N. W. 840. In the case at bar it may be conceded that the presumption of negligence arising under our state statute from the act of employing minors whose employment is thereby prohibited, except on the conditions there presented, can have no application to the case. Knapp v. Great Northern Ry. Co. 130 Minn. 405, 153 N. W. 848; Seaboard Air Line Ry. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. ed. 1062, L.R.A. 1915C, 1, Ann. Cas. 1915B, 475. And we are of opinion that the evidence is insufficient to support the charge of negligence in respect to the position of the iron apron. It does not appear that this was a contrivance adopted by the company to make a safe passage for employees over and along the cars, either when loaded with gravel or when unloaded, or to render their work about the train free from danger of falling between the cars. On the contrary it is apparent that the iron apron was a device introduced solely to facilitate the use of the plow or scraper employed in removing the gravel and sand from the cars. Nor will the evidence justify the

conclusion that employees charged with the duty of assisting in unloading the cars, which took place when the cars were stationary, were required or expected to pass over the cars when the train was in motion. And on the whole the evidence falls far short of making a case of negligence in this respect. But from this it does not follow that defendant is entitled to judgment. There still remains in the case the question of the negligence of defendant in transferring decedent from the comparatively safe work to the more dangerous employment upon the gravel train. The mere fact that decedent was a minor does not lead to the conclusion that defendant was guilty of negligence in employing him. Anderson v. Morrison, 22 Minn. 274. But whether, in view of his age and experience, his ability to comprehend and appreciate the dangers incident to the work upon the gravel train, it was negligence to send him out on such train without full and adequate warning and instructions, was presented by the pleadings and evidence and should have been submitted to the jury. Anderson v. Morrison, supra; 1 Notes on Minn. Reports, 988, and cases cited. 3 Labatt, M. & S. § 912. And such is the rule of the Federal courts. Railroad Co. v. Fort, 17 Wall. 553, 21 L. ed. 739. This removes from the case any question respecting the application of the common law of the state to actions founded on the Federal Employer's Liability Act. Since this particular issue is presented by the record defendant is not entitled to judgment, and the cause must be returned for a new trial. Koski v. Chicago, M. & St. P. Ry. Co. 116 Minn. 137, 133 N. W. 790.

Order affirmed.