ANDREW HERMAN v. WABASH RAILWAY COMPANY.[1]

September 29, 1922.

No. 23,028.

**Appeal from denial of judgment notwithstanding verdict.**

1. Where a defendant does not ask for a new trial, but bases the appeal solely on the ground that judgment should have been ordered non obstante verdicto there must be an affirmance, unless the record clearly discloses that the cause of action sought to be established does not in point of substance constitute a right of recovery.

**Such judgment not warranted when right of recovery given at common law.**

2. The record indicates the existence of a right of recovery under the common law ground of negligence, and hence, even if the court was in error in submitting the case upon the existence of a defective handhold in violation of the Federal Safety Appliance Act, final judgment should not be entered for defendant.

Action in the district court for Pine county to recover $50,000 for personal injuries. The case was tried before Searles, J., and a jury which returned a verdict for $12,526.30. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered on the verdict, defendant appealed. Affirmed.

*Sanborn, Graves & Ordway,* for appellant.

*Tom Davis, Ernest A. Michel* and *Ottocar Sobotka,* for respondent.

HOLT, J.

Plaintiff was awarded damages for an injury to his person. Defendant moved for judgment notwithstanding the verdict. It was

[1]Reported in 189 N. W. 934.

denied.   The appeal is from the judgment entered on the verdict.

The complaint alleged that plaintiff was in defendant's employ in interstate commerce when the injury was received, defendant operating a line of railroad in such commerce; that the injury was caused by the negligent operation of the train from which it was the duty of plaintiff then to alight, in that it failed to make the usual stop or slow down, but instead accelerated the speed with a jerk; and that it negligently permitted one of the handholds on the coach used by plaintiff in alighting to become loose so that it gave way when the train lurched, thereby throwing plaintiff to the ground causing his injury.

This appeal reaches no ruling on the admission or exclusion of testimony, nor the theory upon which the court submitted the case to the jury, nor the amount of the verdict.   Appellant does not ask for a new trial.   The simple proposition upon which appellant must depend, is that the record clearly shows that under no theory of the law can it be held liable for respondent's injury.

Plaintiff was a coach cleaner and had so served defendant for about four years.   He lived in Council Bluffs, Iowa.   His hours of labor were from midnight until 8 a. m., and the usual procedure was to board the train as it came in from the trip from Brunswick, Missouri, to Omaha, Nebraska, and had pulled back to the yard at Council Bluffs, and there clean the coaches, then to stay on until the train moved to the next trip's starting point, at Omaha, dusting the seats, etc. on the way there, fill the gas tank at Omaha, and then remain on the train after passengers were received, until it arrived at the so-called Northwestern crossing at Council Bluffs, where a slow down or stop was made, when plaintiff would alight to go to his home.   The train made other stops in Council Bluffs, but this was nearest to plaintiff's home, and he testified to an understanding when first employed at this work by which he was to be permitted to leave the train at that place.   On the morning in question he attempted to leave as usual and claims that he was on the steps of the coach ready to drop off, but that, instead of stopping or slowing down, the train picked up speed, and in a curve of the track made a jerk when one of the handholds grasped by him came loose, and he

was precipitated to the ground in such a manner that one of his legs was cut off below the knee. This happened at 7:20 in the morning. Although his hours of labor were not ended, he had finished his task and was on his way home for the day.

There was evidence that while riding from Omaha, after filling the gas tanks, plaintiff's duty was to aid the train crew in fixing anything that might need adjustment or repair in or about the train. Such aid was not often called for.

The principal points made by appellant are that plaintiff had finished his task and was not in the course of his employment when injured; that he was a mere licensee, or at most an invitee, on the train for his own convenience in returning to his home after his day's work; and further that the handhold on this coach was not within the terms of the Federal Safety Appliance Act.

North Carolina R. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. ed. 591, Ann. Cas. 1914C, 159, and Erie R. Co. v. Winfield, 244 U. S. 170, 37 Sup. Ct. 556, 61 L. ed. 1057, Ann. Cas. 1918B, 662, would seem to warrant a finding that plaintiff was in the course of his employment of interstate traffic when injured. He had certainly been in such employment until his day's work was finished and according to the cases cited under the protection of the act while leaving the employer's yard. But, however that may be, and conceding that he was a mere invitee or even a bare licensee upon this train at the time, and the court was in error in submitting to the jury as ground of recovery a violation of an act of Congress in permitting the alleged insecure handhold on the coach still, under our well-established practice, we think the record does not justify a judgment notwithstanding the verdict.

In Daily v. St. Anthony Falls Water Power Co. 129 Minn. 432, 152 N. W. 840, the rule is thus stated [page 436]: "Judgment notwithstanding the verdict will be granted only where it clearly appears that the cause of action sought to be established does not in point of substance constitute a right of recovery, and will be denied in all cases where from the record it appears probable that the party has a cause of action and that defects in the evidence may be supplied on another trial." And in the syllabus it is held, following

Koski v. Chicago, M. & St. P. Ry. Co. 116 Minn. 137, 133 N. W. 790, "that where the trial court submits a case to the jury on a ground of negligence which does not show liability, but the pleadings and evidence make a case on grounds not submitted, a new trial, and not judgment notwithstanding the verdict, is the proper remedy."

As we read the pleadings and the evidence a case of negligence not based upon statutory provisions appears to be made out. On the train plaintiff was at any rate an invitee who had permission from defendant to ride and to alight at a particular place. If either the train was negligently managed or equipped so that plaintiff was needlessly exposed to a danger causing the injury, a common law cause of action is made out. It cannot be said that contributory negligence appears as a matter of law. It follows that defendant is not entitled to judgment upon this record.

We do not reach the question of the applicability of either the Federal Employers Liability Act or the Safety Appliance Act to the facts herein.

The judgment is affirmed.